1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**FILED**
2020 OCT 28 03:10 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 20-2-14320-1 SEA

SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

HELEN CATTANEO, an individual,

                    Plaintiff,

    v.

TURO, INC., a foreign entity

                    Defendant.

No.  20-2-14320-1 SEA

**AMENDED CLASS ACTION
COMPLAINT**

## I.    INTRODUCTION

Plaintiff Helen Cattaneo alleges on behalf of the putative class as set forth herein:

Defendant Turo, Inc. is in the business of peer-to-peer car sharing with operations throughout the state of Washington. Turo engages in unfair and deceptive practices by acting as an insurer in Washington without a certificate of authority issued by the Insurance Commissioner or otherwise complying with Washington law for providing insurance in the state of Washington.  In or about October 2019, the State of Washington, Office of Insurance Commissioner, determined that Turo is selling, soliciting and negotiating insurance without a license to do so, in violation of RCW 48.17.060(1) and that Turo is acting as an unauthorized insurer by acting as an obligor for its own damage protection plans, in violation of RCW 48.05.030(1).

AMENDED CLASS ACTION
COMPLAINT - 1

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## II.    PARTIES

1.      Plaintiff Helen Cattaneo is a resident of King County, Washington.

2.      Defendant Turo, Inc., is a foreign entity doing business in King County and throughout the state of Washington. Turo, Inc., is registered with the Washington State Department of Revenue as a for profit corporation.

## III.    JURISDICTION AND VENUE

3.      Venue is proper pursuant to RCW 4.12.025(1) and (3) because Defendant Turo, Inc., transacts business in King County, provides services in King County, and the conduct at issue occurred in King County.

4.      This Court has jurisdiction pursuant to RCW 4.12.020(3) because the cause of action arose in King County and pursuant to RCW 19.86.090, which allows Washington residents to bring private right of action Consumer Protection Act claims in the superior courts of this state to enjoin unfair or deceptive business practices that affect the public interest and cause injury.

5.      This Court also has jurisdiction pursuant to RCW 48.05.215 and 48.18.200.

## IV.    FACTUAL ALLEGATIONS

### A.    Defendant's Business Practices in Washington

6.      State laws and regulations establish the terms and conditions upon which a person or entity may act as an insurer and transact insurance in the state of Washington.

7.      Insurance is defined in RCW 48.01.040 to consist of a contract whereby one undertakes to indemnify another or pay a specified amount upon determinable contingencies.

AMENDED CLASS ACTION
COMPLAINT - 2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

8.     RCW 48.010(1) prohibits any person engaged in the business of insurance from unfair methods of competition and from committing unfair or deceptive acts and practices in the course of doing business.

9.     Under RCW 48.05.030(1), no person or entity shall act as an insurer in Washington without a certificate of authority issued by the Insurance Commissioner.

10.     Under RCW 48.05.030(1), no person or entity shall transact insurance in Washington without a certificate of authority issued by the Insurance Commissioner.

11.     Under RCW 48.17.060(1), a person or entity shall not sell, solicit, or negotiate insurance in the state of Washington for any line or lines of insurance unless the person is licensed for that line.

12.     Under RCW 48.17.060(2), a person or entity may not act as or hold himself out to be an adjuster in this state unless licensed by the Insurance Commissioner.

13.     The business of Defendant Turo, Inc. includes the facilitation of peer-to-peer car sharing with operations in and throughout King County and the state of Washington.

14.     As part of Turo's business, it enters into contracts whereby it undertakes to indemnify Washington consumers or pay them, or pay on their behalf, a specified amount upon one or more determinable contingencies.

15.     Turo enters into such contracts with vehicle owners.

16.     In contracts with vehicle owners, Turo agrees to indemnify such persons or pay them, or pay on their behalf, a specified amount upon the occurrence of one or more determinable contingencies related to the vehicle.

17.     As part of these contracts, vehicle owners agree to pay Turo a premium and/or fees for the indemnity or payment of a specified amount upon the occurrence of one or more determinable contingencies.

AMENDED CLASS ACTION
COMPLAINT - 3

18.     Premiums and/or fees could be collected by withholding a portion of the proceeds owed by a third party renting the vehicle to the vehicle owner.

19.     Turo refers to vehicle owners as "hosts."

20.     Turo also enters into contracts with the third parties who rent vehicles from the vehicle owners.

21.     In contracts with a third-party vehicle renter, Turo agrees to indemnify such persons or pay them, or pay on their behalf, a specified amount upon the occurrence of one or more determinable contingencies related to the vehicle.

22.     As part of these contracts, a third-party vehicle renter agrees to pay Turo a premium and/or fees for the indemnity or payment of a specified amount upon the occurrence of one or more determinable contingencies.

23.     Premiums and/or fees could be collected from the third party renting the vehicle if the third party opted to purchase coverage.

24.     Turo refers to third-party vehicle renters as "guests" and/or "travelers" (referred to herein as "guests").

25.     In exchange for a host and/or a guest agreeing to pay Turo a premium and/or fees, Turo pledges to insure the vehicle that was rented by a third-party for the time period the vehicle was rented.

26.     Insurance coverage includes damage protection plans.

27.     Turo's damage protection plans are available with various coverage options and deductible amounts.

28.     Under Turo's damage protection plans, where a host and/or a guest agrees to pay a fee or premium, Turo agrees to provide compensation depending on the plan chosen by the host and/or the guest for physical damage that may occur to the host's vehicle.

AMENDED CLASS ACTION
COMPLAINT - 4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

29. For all times pertinent to this Complaint, Turo acted as an insurer in the state of Washington.

30. However, Turo acted as an insurer without a certificate of authority issued by the Insurance Commissioner.

31. For all times pertinent to this Complaint, Turo transacted insurance in the state of Washington.

32. However, Turo transacted insurance without a certificate of authority issued by the Insurance Commissioner.

33. For all times pertinent to this Complaint, Turo sold, solicited, and negotiated insurance in the state of Washington for a line or lines of insurance that includes vehicle damage protection.

34. However, Turo sold, solicited, and negotiated insurance in Washington for a line or lines of insurance that includes vehicle damage protection without a license to do so.

35. For all times pertinent to this Complaint, Turo employees did business in Washington with Washington consumers while holding themselves out as adjusters.

36. However, those employees doing business in Washington and holding themselves out as adjusters were not licensed by the Insurance Commissioner.

37. Insurers providing auto insurance in Washington on a direct basis are required to participate in Washington's Guaranty Association and pay premium tax.

38. Washington's Guaranty Association provides claim payment protection to Washington consumers in the event their insurer becomes insolvent.

39. Insurers providing auto insurance in Washington are also required to pay fees to the Office of the Insurance Commissioner as wells as fees to the National Association of Insurance Commissioners.

40.    However, without obtaining proper authorization from the Insurance Commissioner, Turo avoided participating in Washington's Guaranty Association and paying premium taxes, thereby obtaining an unfair competitive advantage over authorized insurers.

41.    Turo also avoided paying fees to the Office of the Insurance Commissioner as well as fees to the National Association of Insurance Commissioners.

42.    As a result of Turo's actions and omissions, Washington consumers entering into agreements with Turo were deprived of administrative and regulatory scrutiny over Turo's policy language and interpretation.

43.    As a result of Turo's actions and omissions, Washington consumers entering into agreements with Turo were deprived of administrative and regulatory scrutiny over Turo's business practices in the State of Washington.

44.    As a result of Turo's actions and omissions, Washington consumers entering into agreements with Turo did not receive the same benefits and protections available to consumers entering into contracts with entities that are subjected to administrative and regulatory scrutiny.

45.    For instance, Washington consumers entering into agreements with Turo were deprived of claim payment protections.

46.    However, Washington consumers entering into agreements with Turo reasonably believed and understood that Turo provided insurance coverage for physical damage to a rented vehicle.

47.    Washington consumers entering into agreements with Turo reasonably believed and understood that Turo was authorized to provide insurance coverage for physical damage to a rented vehicle.

AMENDED CLASS ACTION
COMPLAINT - 6

48.     The damage protection plans Turo marketed, negotiated, and sold in Washington failed to disclose that Turo was not authorized or licensed to conduct the business of insurance in Washington.

49.     The damage protection plans Turo marketed, negotiated, and sold in Washington failed to [adequately] disclose that, in the event of any damage to the rented vehicle, and regardless of any coverage purchased through Turo, Turo would initiate a claim against a host's or guest's own automobile insurance.

50.     The damage protection plans Turo marketed, negotiated, and sold in Washington also contained misleading, confusing, and contradictory information about the terms and conditions of coverage.

51.     The damage protection plans Turo marketed, negotiated, and sold failed to contain information that clarified the terms and conditions of coverage in a manner that was comprehensible to a reasonable consumer.

52.     Turo has marketed, negotiated, and sold thousands of damage protection plans in the state of Washington.

53.     Turo has sold more than 80,000 damage protection plans in the state of Washington to Washington consumers.

54.     Turo has collected approximately $1.4 million from Washington consumers as a result of the damage protection plans it has sold in the state of Washington.

55.     The amount in controversy, however, is substantially less than $5,000,000.

**B.     Plaintiff's Individual Factual Allegations**

56.     Plaintiff Helen Cattaneo rented an automobile that was licensed and registered in the state of Washington.

57.     For purposes of renting the vehicle, Plaintiff Cattaneo was a Turo "guest."

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

58.   In or about 2018, Plaintiff entered into an agreement with Defendant whereby Defendant agreed to insure the vehicle Plaintiff rented for the limited time period of the rental.

59.   The agreement provided that Turo would indemnify Plaintiff or pay her or pay on her behalf, a specified amount upon the occurrence of one or more determinable contingencies related to the vehicle.

60.   Plaintiff's insurance coverage through Turo included a damage protection plan.

61.   Under the damage protection plan, Plaintiff agreed to pay Turo a fee or premium, and in exchange, Turo agreed to compensate Plaintiff in the event a future event may occur that damaged the vehicle.

62.   Plaintiff estimates spending approximately $80 in premium costs and/or fees in exchange for Turo insuring the vehicle that Plaintiff rented.

63.   The rental period was approximately one day.

64.   While operating the vehicle, Plaintiff hit a curb and damaged the vehicle.

65.   Plaintiff made a claim for coverage to Turo.

66.   Turo denied coverage, demanded Plaintiff pay various costs, charges, and fees, and submitted a claim against Plaintiff through Plaintiff's first-party automobile insurer.

67.   In addition to paying $80 for a damage protection plan, Plaintiff also paid Turo $500.

68.   Plaintiff estimates that her first-party insurer paid Turo approximately $3,313.31.

69.   As a direct and proximate consequence of Turo's failure to obtain proper authorization and/or licensure, Plaintiff and similarly situated Washington consumers suffered injury because they did not receive the protections governing the business of

insurance in the state of Washington, including scrutiny over policy provisions and policy premiums, fees, and/or rates.

70.     As a direct and proximate consequence of Turo's actions and omissions during the course of marketing, negotiating, and selling insurance, Plaintiff and similarly situated Washington consumers suffered injury because they paid Turo costs, charges, and fees.

**C.     Civil Rule 23 Allegations**

71.     Plaintiff brings this action on behalf of herself and as a class action, pursuant to CR 23(a) and 23(b) on behalf of the following class:

> All consumers in the state of Washington who purchased a damage protection plan for an automobile from Defendant Turo, Inc. whereby Turo agreed to indemnify the purchasing consumer or pay the purchasing consumer, or pay on the purchasing consumer's behalf, a specified amount upon a determinable contingency related to damages occurring to the vehicle arising out of its use.

72.     The proposed class is so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to Defendant, there are many consumers that have suffered injury and damages as the result of Defendant's practices.

73.     There are questions of law and fact common to the proposed class.

74.     The principal question as to the class is whether Defendant accepted payments of fees and/or premiums in exchange for indemnifying the purchaser or paying the purchaser a specified amount upon a determinable contingency.

75.     Another common question is whether the Defendant's acceptance of fees and/or premiums in exchange for indemnifying the purchaser or paying the purchaser a specified amount upon a determinable contingency amounts to acting as an insurer.

76.     Another common question is whether Defendant acted as an insurer in violation of RCW 48.05.030(1).

AMENDED CLASS ACTION
COMPLAINT - 9

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    77.    Another common question is whether the Defendant's acceptance of fees

2  and/or premiums in exchange for indemnifying the purchaser or paying the purchaser a

3  specified amount upon a determinable contingency amounts to transacting insurance.

4    78.    Another common question is whether Defendant transacted insurance

5  without a Certificate of Authority in violation of RCW 48.05.030(1).

6    79.    Another common question is whether Defendant sold, solicited, and

7  negotiated insurance in the state of Washington without a license.

8    80.    Another common question is whether Defendant's sale, solicitation, and

9  negotiation of insurance in the state of Washington without a license violates RCW

10  48.17.060(1).

11    81.    Another common question is whether Defendant's employees did

12  business in Washington while holding themselves out as adjusters without a license.

13    82.    Another common question is whether Defendant's employees did

14  business in Washington while holding themselves out as adjusters without a license

15  violates RCW 48.17.060(1).

16    83.    Plaintiff's claims are typical of the claims of the proposed class, as they all

17  arise from the same operative facts and are based on the same legal theories.

18    84.    Plaintiff will fairly and adequately protect the interests of the proposed

19  class. Plaintiff is committed to vigorously litigating this matter and has retained counsel

20  experienced in handling class actions and claims involving unlawful business practices.

21  Neither Plaintiff nor her counsel have any interests which might conflict with the

22  interests of the proposed class.

23    85.    This action may be certified under CR 23(b)(2) because Defendant has

24  acted or refused to act on grounds generally applicable to the proposed class, thereby

25  making appropriate final injunctive relief or corresponding declaratory relief with

26  respect to the class as a whole. Plaintiff's claim for monetary relief is incidental to the

27

AMENDED CLASS ACTION
COMPLAINT - 10

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

injunctive and declaratory relief she seeks. The damages flow directly from liability to the class as a whole on the claims forming the basis of the injunctive and declaratory relief. Moreover, computing the monetary relief is simple and relies entirely on objective facts, without the need for subjective assessments of each class member's circumstances. There is no threat of a due process violation because all damages can be objectively determined. Plaintiff's request for declaratory relief and injunctive relief is more than a basis for monetary relief. The relatively modest relief sought by Plaintiff does not dominate her claims for declaratory and injunctive relief.

86.    In the alternative, or in addition to certification under CR 23(b)(2), this action may be certified as a CR 23(b)(3) class action. Certification under CR 23(b)(3) is warranted because questions of law or fact common to the class predominate over any questions affecting only individual members.

87.    A class action is superior to other available methods for fairly and efficiently adjudicating this controversy in that:

      a. Members of the proposed damages class do not have an overriding interest in individually controlling the prosecution of separate actions;

      b. No other cause of action concerning the claims here is currently pending in a court on behalf of or against members of the damages class;

      c. Concentration of litigation is desirable so that all claims can be resolved in one forum; and

      d. Management of this case as a damages action will present significantly fewer difficulties than would be presented in many individual claims challenging Defendants' unfair and deceptive

AMENDED CLASS ACTION
COMPLAINT - 11

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   practice of selling, soliciting, and negotiating insurance without

2   proper authority.

3   **V.   CLASS CLAIMS**

4   **A.   Defendant Violated the Consumer Protection Act**

5   88.   Plaintiff re-alleges each and every allegation as set forth above.

6   89.   Defendant Turo acted as an insurer in the state of Washington without

7   authorization from the Insurance Commissioner.

8   90.   Defendant Turo transacted insurance in the state of Washington without

9   authorization from the Insurance Commissioner.

10   91.   Defendant Turo sold, solicited, and negotiated insurance in Washington

11   for a line or lines of insurance without a license from the Insurance Commissioner.

12   92.   Defendant Turo's employees did business in Washington while holding

13   themselves out as adjusters without a license  from the Insurance Commissioner.

14   93.   Defendant Turo's practices constitute unfair and deceptive practices

15   occurring in trade or commerce in violation of the Consumer Protection Act, Chapter

16   19.86 RCW.

17   94.   Defendant Turo's practices adversely impact the public interest and

18   caused injury and have the capacity to injure other persons.

19   95.   As a direct and proximate cause of Defendant Turo's practices, Plaintiff

20   and the members of the class she seeks to represent have suffered injury and

21   damages in an amount to be proven at the time of trial.

22   **B.   Uniform Declaratory Judgment Act/Restitution Claim**

23   96.   Plaintiff re-alleges each and every allegation as set forth above.

24   97.   Plaintiff brings the following Uniform Declaratory Judgment Act ("UDJA")

25   and Restitution claim on her behalf and on behalf of the class separate and apart from

26   any claim alleged for violation of the Washington Consumer Protection Act.

27

AMENDED CLASS ACTION
COMPLAINT - 12

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

98.   The Court should declare that Defendant's acts and practices described herein constitute acts of an insurer without authorization and thus Defendant is in violation of RCW 48.05.030(1).

99.   The Court should declare that Defendant's acts and practices described herein constitute the transaction of insurance without authorization and thus Defendant is in violation of RCWC 48.05.030(1).

100.  The Court should declare that Defendant's acts and practices described herein constitute the sale, solicitation, and negotiation of insurance without a license and thus Defendant is in violation of RCW 48.17.060(1).

101.  The Court should declare that Defendant's acts and practices described herein constitutes employees holding themselves out as adjusters without a license and thus Defendant is in violation of RCW 48.17.060(1).

102.  Defendant was unjustly enriched by acting as an insurer and transacting insurance without proper authorization and licensure pursuant to Title 48 RCW.

103.  Defendant should be enjoined from retaining the benefit and money it obtained over the class period from acting as an insurer and transacting insurance in violation of Washington law.

104.  In equity and justice, Defendant should be ordered to disgorge benefits and money it obtained over the class period from acting as an insurer and transacting insurance in violation of Washington law.

105.  In equity and justice, Defendant should be ordered to pay in full the benefits and money it obtained over the class period from acting as an insurer and transacting insurance in violation of Washington law.

## VI.   RELIEF REQUESTED

106.  WHEREFORE, Plaintiff Helen Cattaneo respectfully requests that the Court enter judgment as follows:

AMENDED CLASS ACTION
COMPLAINT - 13

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

a. Certifying the CPA claim as proposed, under CR 23, appointing Plaintiff and her counsel to represent the class;

b. Enjoining the Defendant under the CPA from acting as an insurer or transacting insurance in the state of Washington until it obtains authorization from the Office of the Insurance Commissioner;

c. Certifying the UDJA claim as proposed, under CR 23, appointing Plaintiff and her counsel to represent the class;

d. Enjoining the Defendant under the UDJA from acting as an insurer or transacting insurance in the state of Washington;

e. Awarding Plaintiff and the class actual damages pursuant to RCW 19.86.090;

f. Awarding Plaintiff and the class treble damages pursuant to RCW 19.86.090;

g. Awarding Plaintiff and the class out-of-pocket and investigative expenses;

h. Awarding Plaintiff and the class costs and reasonable attorneys' fees based on all applicable statutes and other grounds, including RCW 19.86.090;

i. Pre-judgment interest on all amounts awarded as allowed by law;

j. Post-judgment interest;

k. Disgorgement of fees paid by Washington consumers;

l. A supplemental award to cover any adverse tax consequences of the judgment; and

AMENDED CLASS ACTION
COMPLAINT - 14

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1           m. Awarding Plaintiff such further equitable, legal or additional relief as

2             may be appropriate or just.

3

    DATED: October 28, 2020.

4

5                        BRESKIN JOHNSON TOWNSEND, PLLC

6                        By:___*s/Brendan W. Donckers*_____
                          Brendan W. Donckers, WSBA #39406

7                              Roger M. Townsend, WSBA #25525
                          1000 Second Avenue, Suite 3670

8                              Seattle, WA 98104
                          Tel: (206) 652-8660

9                              bdonckers@bjtlegal.com
                          rtownsend@bjtlegal.com

10                       Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

AMENDED CLASS ACTION
COMPLAINT - 15