THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HELEN CATTANEO,<br><br>                Plaintiff,<br><br>   v.<br><br>TURO, INC.,<br><br>                Defendant. | CASE NO. C21-0071-JCC<br><br>ORDER |

        This matter comes before the Court on Defendant Turo, Inc.'s motion to compel arbitration or, in the alternative, to dismiss (Dkt. No. 12). The parties' briefing raises questions about whether Ms. Cattaneo has standing to assert her claims in federal court and the Court finds that supplemental briefing on Ms. Cattaneo's standing would be helpful. Therefore, the Court STAYS consideration of Turo's motion to compel or dismiss and ORDERS supplemental briefing as set forth in this order.

**I.    BACKGROUND**

        Turo, Inc. operates a peer-to-peer car sharing business that connects individuals who wish to rent out their vehicles to individuals seeking to use them. (Dkt. No. 1-3 at 3–4.) Turo offers "damage protection plans" under which renters can choose to pay Turo a fee in exchange for

Turo paying for damage to the vehicle that occurs during the rental.[1] (*Id.* at 4.) The amount Turo will pay depends on the plan the renter chooses. (*Id.*)

Helen Cattaneo alleges that she rented a vehicle through Turo and purchased a damage protection plan. (*Id.* at 7–8.) After she damaged the vehicle, Turo "denied coverage, demanded [she] pay various costs, charges, and fees, and submitted a claim against Plaintiff through Plaintiff's first-party automobile insurer." (*Id.* at 8.) Ms. Cattaneo does not allege that Turo's handling of her claim violated any law, nor does she allege that Turo breached its contract with her. Instead, Ms. Cattaneo alleges that Turo violated Washington's Consumer Protection Act because Turo was not licensed by Washington's Insurance Commissioner at the time of the rental and when it denied coverage. (*Id.* at 8–9.) Ms. Cattaneo alleges that she was injured because she "did not receive the protections governing the business of insurance in the state of Washington, including scrutiny over policy provisions and policy premiums, fees, and/or rates." (*Id.*)

After removing the case to federal court, Turo moved to compel arbitration or, in the alternative, for the Court to dismiss the complaint. (Dkt. No. 12.) Turo identified the reservation it believes to be the subject of Ms. Cattaneo's complaint and noted in its motion that someone named Fiorenzo Cattaneo reserved the vehicle, not Plaintiff Helen Cattaneo. (*Id.* at 8–9 n.2; *see also* Dkt. Nos. 13 at 2, 13-3.) Turo also noted that Ms. Cattaneo was not an authorized driver on the reservation. (*Id.*) In response, Ms. Cattaneo claims that she "and her husband, Fiorenzo," made the reservation and, contrary to what she alleged in the complaint, she never drove the vehicle and Fiorenzo was driving when the damage occurred. (Dkt. No. 15 at 5–6.) In its reply brief, Turo argues that the Court should dismiss the complaint because Ms. Cattaneo lacks Article III standing. (Dkt. No. 17 at 6–7, 9–10.)

//

---

[1] Turo offers similar plans to individuals offering their vehicles for rent, but those plans are not relevant for purposes of this order. (*Id.* at 4.)

ORDER
C21-0071-JCC
PAGE - 2

## II. DISCUSSION

Ordinarily, "arguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). However, because subject-matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Therefore, the Court must determine whether Ms. Cattaneo has standing, and it must do so before turning to the merits of Turo's motion. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–101 (1998) (holding that a federal court may not "resolve contested questions of law when its jurisdiction is in doubt"). To focus the parties' supplemental briefing, the Court will address some of the arguments the parties made regarding this issue before setting forth the questions on which the Court requests additional briefing.

Ms. Cattaneo argues in a footnote in her response to Turo's motion that she "brought this action on behalf of herself and her husband . . . to recover community property." (Dkt. No. 15 at 5 n.7.) To the extent Ms. Cattaneo attempts to argue that Fiorenzo Cattaneo is also a plaintiff, she is incorrect. Federal Rule of Civil Procedure 10(a) requires plaintiffs to "name all the parties" in the caption. Washington Superior Court Civil Rule 10(a)(1) requires the same. Ms. Cattaneo's complaint does not list Fiorenzo Cattaneo as a party. Nor does it indicate that Ms. Cattaneo brought her claims on behalf of Fiorenzo. In fact, the complaint affirmatively represents that Ms. Cattaneo brought her claims on behalf of herself only: it identifies the plaintiff as "Helen Cattaneo, *an individual*." (Dkt. No. 1-3 at 1 (emphasis added)). Therefore, Fiorenzo Cattaneo is not a party to the litigation and Ms. Cattaneo did not bring her claims on his behalf.

In light of this holding, the Court requests supplemental briefing regarding whether Mr. Cattaneo intends to substitute for Ms. Cattaneo and, if not, whether Ms. Cattaneo has standing to maintain her claims in federal court. If Ms. Cattaneo will remain a named plaintiff, the Court requests that the parties address whether Ms. Cattaneo has Article III standing and whether she satisfies the prudential limitation on third-party standing. *See, e.g., Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) ("[A] party 'generally must assert his own legal rights and interests, and cannot

rest his claim to relief on the legal rights or interests of third parties.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

Regardless of who is the plaintiff, the Court has a more fundamental concern: the complaint does not make clear how Turo's lack of a license injured Mr. Cattaneo or Ms. Cattaneo.[2] To have standing, a plaintiff must have suffered an injury in fact that is concrete and particularized and that is fairly traceable to the challenged actions of the defendant. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A plaintiff may not sue in federal court for "a bare procedural violation" absent harm resulting from the violation. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1550 (2016); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation—a procedural right *in vacuo*—is insufficient to create Article III standing.").

Ms. Cattaneo's lawsuit is based on the fact that Turo was not licensed by Washington's Insurance Commissioner. She does not allege that Turo denying her claim, submitting a claim to her first-party insurer, or charging her fees violated any substantive insurance regulations. Instead, Ms. Cattaneo's claim is based solely on Turo's lack of a license. It is not clear how that harmed her. *See Treiber v. Aspen Dental Mgmt., Inc.*, 635 F. App'x 1 (2d Cir. 2016) (summary order) (holding that plaintiffs who received dental treatment from dentists employed by corporate entities that allegedly violated a New York law prohibiting non-dentists from owning dental practices lacked standing); *Bell v. Am. Traffic Sols., Inc.*, 371 F. App'x 488 (5th Cir. 2010) (holding that plaintiffs who received traffic citations from red light cameras and sought refunds from the operator of the cameras because it was not licensed lacked standing). Therefore, the Court requests supplemental briefing regarding what injury in fact the named plaintiff suffered and how that injury was caused by Turo being unlicensed.

//

---

[2] The Court is obligated to raise standing concerns *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

ORDER
C21-0071-JCC
PAGE - 4

### III. CONCLUSION

In sum, the Court requests supplemental briefing from Ms. Cattaneo addressing the following issues within 14 days of the date of this order:

1. Whether Fiorenzo Cattaneo will substitute for Ms. Cattaneo.
2. If Ms. Cattaneo will remain a plaintiff, whether Ms. Cattaneo has Article III standing and whether she satisfies the prudential limitation on third-party standing.
3. What injury in fact the named plaintiff suffered and how that injury was caused by Turo being unlicensed.

Turo may respond within 14 days of the date Ms. Cattaneo files her supplemental brief. No reply is necessary. The supplemental briefs shall not exceed 16 pages. The Court DIRECTS the Clerk to renote Turo's motion to compel arbitration or, in the alternative, to dismiss (Dkt. No. 12) for consideration on May 26, 2021.

DATED this 28th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE